```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WENDY K. PAULSTICH,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         14-CV-2169(JS)(WDW)

MERRICK POST OFFICE,[1] MERRICK POST
OFFICE, MASSAPEQUA POST OFFICE,
MASSAPEQUA POST OFFICE, MASSAPEQUA
POST OFFICE, JOHN DOE, TERESA DOE,
CAPITAL ONE BANK, MORGAN CHASE
BANK, JIM GAVIN, ANDREW MILLER,
Son GARY MILLER, MARY CAVE, MATHEW
REBECCA, RUSSEL, MICHAEL SELTZER,
DAVE DENNEBERG [SIC] & his wife,
DAVE DENNEBERG [SIC], ROBERT & DIANE
BAQUET, and Kids JESSICA, JENNIFER,
WILLIAM, ROBERT,

                    Defendants.
----------------------------------X
```
APPEARANCES:
For Plaintiff:     Wendy K. Paulstich, pro se
                   1889 Gormley Avenue
                   Merrick, NY 11566

For Defendants:    No appearances.

SEYBERT, District Judge:

On April 4, 2014, pro se plaintiff Wendy K. Paulstich ("Plaintiff") filed a seventy-seven page document purporting to be a single Complaint against twenty-six defendants. Plaintiff paid the $400.00 fee to file what she styled as a single Complaint. For

---

[1] Plaintiff lists the Merrick Post Office twice and the Massapequa Post Office three times in her caption apparently because she seeks to sue each branch. In addition, Plaintiff lists Nassau County Legislator David Denenberg twice in the caption because she seeks to sue him at both of his business addresses. Multiple listings of the entities or individuals that Plaintiff seeks to sue based on their having several addresses is not necessary.

the reasons that follow, notwithstanding Plaintiff's payment of the filing fee, her Complaint is DISMISSED WITHOUT PREJUDICE.

BACKGROUND[2]

Plaintiff's lengthy submission is difficult to comprehend and her rambling allegations are fanciful, disjointed, and largely conclusory. Using multiple copies of the Court's general Complaint form, Plaintiff has listed her allegations against the defendants, identifying at the top of each page the defendant(s) to which the allegations in the Statement of Claim pertain.

For example, the first "Statement of Claim" page is at page 22 (Compl., Docket Entry 1, at 22[3]) and indicates that these allegations pertain to the Merrick Post Office. There, Plaintiff alleges that the events giving rise to her claim occurred "when my mother was alive and they were playing with mail." (Compl. at 22.) According to Plaintiff, in 2010, her "mother called the post office to stop playing with the mail [and] they did nothing." (Compl. at 22.) Plaintiff then "called the Postal Inspector and has been involved with them up to this year[]," and claims that "[i]t is the Nassau DA who is steeling [sic] with them." (Compl. at 22.) Plaintiff next alleges that, "[i]n the Merrick Rd. Post Office an

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[3] The page numbers for the Complaint are those generated by the Electronic Case Filing System.

2

Asian is involved also in DMV fraud and phony tickets with someone. The Nassau County Traffic Courts are aware she is playing with [the] mail." (Compl. at 22.) Plaintiff further claims that she got the Postal Inspector involved but "[s]he is involved with banks and Asians all over violating our civil rights. Every Asian in Merrick and their businesses should be investigated. They harrass [sic] continuously and probably are steeling [sic] from a lot of people." (Compl. at 22.)

In the section of the Complaint form that calls for the identification of any injuries suffered, Plaintiff wrote:

> Missing checks extortion at Capital One & Chase. My mother is dead. I think they have been involved with the Fire Department and showing up when my mother never called. Then injecting her. That is why I continually get diabetes off her medical records. This is a sham with Teresa and these Asians. Probably doing it to a lot of Elderly. Since it was an Asian Doctor in [B]ellmore[,] an eye doctor when she had a [sic] eye checkup I couldn't believe there was diabetes on her records.

(Compl. at 22.) For relief, Plaintiff seeks to have the "Asians in the Merrick Post Office charged with Fraud Identity Theft [and to have] all my mail returned, money returned and the DMV ticket sham exposed what postal employees are doing with someone in Albany." (Compl. at 23.) Plaintiff also seeks to have "[t]hese postal employees charged with violating our right to privacy in Dental and Medical offices, banks & anywhere else they are involved." (Compl. at 23.) Plaintiff further seeks "an investigation of Bethpage DMV

3

where the Asians are involved with another Asian there in DMV fraud." (Compl. at 23.)

The next "Statement of Claim" indicates that these allegations pertain to the Massapequa Post Office. (Compl. at 24.) There, Plaintiff alleges that the events giving rise to her claim occurred "when Merrick started harrassing [sic] me about a Hell's Angel who works at the Massapequa Post Office." (Compl. at 24.) According to Plaintiff, [she] "found out about him when she worked at On Parade Diner. He was married to this Teresa and both Nassau & Suffolk busted it up." (Compl. at 24.) Plaintiff claims not to know "which Massapequa Post Office he works in" and alleges that "someone was involved in Merrick when it was busted and is involved now. This was going on at 1880 Gormley Ave. Merrick. Carolyn Kramen. She moved and these Henkals that moved in are involved in the same thing. They are involved with the liers [sic] when it was originally busted." (Compl. at 24.) Plaintiff next alleges that she "lived in Dix Hills -- my divorce papers are inclosed [sic] where I lived for a long time after separating from my x husband [sic]. These Henkals have been lying & threatening since the day they moved in to 1880 and don't even know me and my family." (Compl. at 24.) In the section of the Complaint form than calls for the identification of any injuries suffered, Plaintiff wrote:

> My mother is dead, Henkall has continually
> lied about my children and was doing this to
> my mother who her grandchildren were. There
> are numerous other neighbors involved now

4

>                    because of the negligence of the Nassau DA. I
>                    have never had a conversation with Henkal
>                    [sic]. That is how nuts she is. Never
>                    bothered to ask me. They want to steal. We
>                    cannot do my mother's estate until this is
>                    busted up.

(Compl. at 24.) For relief, Plaintiff seeks to have "[e]verything that has gone one with the Merrick Post Office stopped [and] investigated." (Compl. at 25.) Plaintiff also seeks to have the

>                    [e]mployees involved in Massapequa charged
>                    with their crimes. What priests were involved
>                    with and the Diocese of Rockville Centre
>                    exposed for what they are doing. This is not
>                    a religion. These are hate crimes by the
>                    Diocese of Rockville Centre. We have a right
>                    to be Protestant. How can a Post Office be
>                    involved with this kind of hate? I should get
>                    back 3x the amount played with or stollen
>                    [sic] because organized crime was involved.

(Compl. at 25.)

The Complaint continues in this fashion. As can best be summarized, Plaintiff complains in the balance of the Complaint that: (1) she was threatened in 2010 because she is not a nurse (Compl. at 30); (2) she was stalked and threatened everywhere she goes because she is Protestant and the Catholic church is involved (Compl. at 28); (3) her mother was harassed in 2003 by "Teresa Doe" when Plaintiff was divorcing her ex-husband, John Baquet (Compl. at 30); (4) she is being harassed "by every Jew in Merrick" (Compl. at 30); (5) Capital One Bank harassed her in 2010 about her mother's driving even though her mother never drove a car and the "bank is totally involved in extortion & fraud with the Catholic church when

5

we are not Catholic" (Compl. at 33, 35); (6) the Catholic church was involved at Chase Bank in 2009 and put a tax judgment on Plaintiff's account that was not hers (Compl. at 43); (7) Jim Gavin is a drug addict who has been involved "in some Catholic scam", does not know Plaintiff, and "has no right to be involved anywhere in my life[,] my mother[']s or my children or in any Bank" (Compl. at 47); (8) Michael Seltzer "is an abusive creep who was in New York" (Compl. at 59); (9) Plaintiff attended County Legislator Denenberg's "community meeting so his mentally ill wife could see who I was [and] Denneberg [sic] & his wife both saw me for about 2 hours and they never saw me in their life" (Compl. at 64); (10) Kathleen Rice is a liar because Plaintiff was not born on June 22, has never been incarcerated at the Riverhead Jail, and never owned a bagel store in Oyster Bay. (Compl. at 66, 72.)

DISCUSSION

I. Standard of Review

The Court is required to read a pro se plaintiff's Complaint liberally and construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Irrespective of whether they are drafted pro se, all complaints must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff

6

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. FED. R. CIV. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340

(1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, as is readily apparent, the Complaint is nothing more than Plaintiff's delusions and does not set forth any cognizable claim. Given that Plaintiff has filed a frivolous Complaint,[4] it is sua sponte DISMISSED WITHOUT PREJUDICE. Baron v.

---

[4] Plaintiff is cautioned that Federal Rule of Civil Procedure 11 applies to pro se litigants, Ginther v. Provident Life & Cas. Ins. Co., 350 F. App'x 494, 496 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a pro se litigant), and that should she file another frivolous Complaint, it is within the Court's realm to consider sanctions. See FED. R. CIV. P. 11.

8

Complete Management, Inc., 260 F. App'x 399 (2d Cir. 2008) ("[D]ismissal is appropriate where, as here, a complaint is a 'labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension.'") (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (second alteration in original) (per curiam)).

II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity

9

to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Complaint liberally, and interpreting it as raising the strongest arguments it suggests, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to amend her Complaint given that the deficiencies therein are not such that could be cured by amending the Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a plausible claim. Although Plaintiff paid the fee to commence this action, should she seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __11__, 2014
       Central Islip, New York